1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9  RANDY RICHMOND,

10            Petitioner,                                    Case No. 3:12-CV-00187-LRH-(WGC)

11  vs.                                                      **ORDER**

12  BOARD OF PAROLE
    COMMISSIONERS, et al.,
13

14            Respondents.

15        The court denied petitioner's application to proceed in forma pauperis (#1) and instructed

16  petitioner to pay the filing fee.  Petitioner has responded with another application to proceed in

17  forma pauperis (#4).  The supporting documents show that, although petitioner has had substantial

18  balances in his account in the past, he currently is without funds.  The court will grant his

19  application (#4).

20        Petitioner has styled his petition as pursuant to 28 U.S.C. § 2241.  Even though he is

21  complaining about proceedings before the parole board, he is in custody pursuant to a judgment of

22  conviction of a state court, and 28 U.S.C. § 2254 governs the petition.  The court has reviewed the

23  petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

24  Courts, and the court will deny the petition.

25        Petitioner was convicted in three separate cases in the Second Judicial District Court of the

26  State of Nevada.  In CR00-0290, petitioner was convicted of lewdness with a child under the age of

27  14.  Petitioner unsuccessfully challenged the validity of the judgment of conviction in a federal

28  habeas corpus petition pursuant to 28 U.S.C. § 2254.  Richmond v. Helling, 3:05-CV-00273-ECR-

(VPC).  In the current action, petitioner challenges the denial of parole from that conviction.

Nonetheless, the current petition is not a second or successive petition within the meaning of 28

U.S.C. § 2244(b), because petitioner is challenging the denial of parole, not the validity of the

judgment of conviction.  See Hill v. Alaska, 297 F.3d 895, 899 (9th Cir. 2002).  In CR00-0292,

petitioner was convicted of failure to register as a sex offender; the underlying sex offense was from

California.[1]  In CR00-0295, petitioner was convicted of three counts of lewdness with a child under

the age of 14.  The Nevada Supreme Court reversed the judgment of conviction because the trial

court's admission of prior-bad-act evidence was erroneous.  Richmond v. State, 59 P.3d 1249 (Nev.

2002).  The prosecution declined to re-try petitioner in that case.

In the sole ground for relief, petitioner claims that the denial of parole violates the Due

Process Clause of the Fourteenth Amendment.  Specifically, he argues that the parole board, the

Nevada Department of Corrections, and the psychological review panel[2] have used the reversed and

dismissed convictions in CR00-0295 to deny him parole.

Even if petitioner's allegations are correct,[3] the court cannot grant petitioner any relief.

Petitioner has no federal constitutional right to parole.  Greenholtz v. Inmates of Neb. Penal and

Corr. Complex, 442 U.S. 1, 7-8, 10-11 (1979).  A state may create a liberty interest in parole that is

protected by the Fourteenth Amendment, if the statute contains mandatory language and limits the

discretion of the parole board.  Bd. of Pardons v. Allen, 482 U.S. 369, 375-79 (1987).  Nevada's

parole scheme does not create a protected liberty interest.  Moor v. Palmer, 603 F.3d 658, 661-62

(9th Cir. 2010).  Because petitioner does not have a protected liberty interest in parole, the court

must deny his due process claim.  See id. at 662.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=3838 (report generated July 3, 2012).

[2] Before petitioner can be granted parole, this panel must evaluate petitioner's risk of committing another sexual offense.  Nev. Rev. Stat. § 213.1214.

[3] The documents attached to the petition show that petitioner was denied parole in part because of his history of sexual offenses.  The documents do not specify what those offenses are. Petitioner has been convicted of at least one sexual offense in California; that offense was the basis of his conviction in CR00-0292 for failing to register as a sex offender.

1   Reasonable jurists would not find this conclusion to be debatable or wrong, and the court

2   will not issue a certificate of appealability.

3   IT IS THEREFORE ORDERED that petitioner's application to proceed in forma pauperis

4   (#4) is **GRANTED**.  Petitioner shall not be required to pay the filing fee.

5   IT IS FURTHER ORDERED that the clerk file the petition for writ of habeas corpus and the

6   motion for appointment of counsel.

7   IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is

8   **DENIED** as moot.

9   IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

10   General for the State of Nevada, as counsel for respondents.

11   IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

12   copy of the petition and this order.  No response is required.

13   IT IS FURTHER ORDERED that the petition for writ of habeas corpus is **DENIED**.  The

14   clerk of the court shall enter judgment accordingly.

15   IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

16   DATED this 5th day of July, 2012.

17

18

19

20   _____
     LARRY R. HICKS
21   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

-3-